### JAMES H. BOONE *v.* THE STATE.

1. LOCAL OPTION LAW.— A regular practicing physician and druggist in a locality in which the local option law is in force, prescribing for a patient a compound of which whiskey is a necessary ingredient, is authorized to sell the whiskey without requiring the prescription of another physician.

2. SAME — ELECTION.— The action of the Commissioners' Court in ordering an election under the local option law, the election and all of its incidents, must conform strictly to the requirements of the statute, or the election will be void.

3. SAME.— The law requires that at its first regular session after the petition is filed, the Commissioners' Court shall order an election to be held at all of the regular voting places within the proposed limits, upon a day not exceeding thirty and not less than fifteen days from the date of the order. *Held,* that when it appears that the election was ordered and held thirty-one days after the date of the order, the election is void.

APPEAL from the County Court of Wilson. Tried below before the Hon. H. H. ABNEY, County Judge.

The opinion discloses the case.

*A. J. Williams,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J.   The appellant was a druggist and the family physician of James Adams. Mrs. Adams being very sick, the defendant was applied to by her husband for medicine.   He (defendant) prescribed camphor gum and chloroform, and when the husband inquired how the medicine should be given, defendant told him that it should be given in whiskey; whereupon Mr. Adams requested of defendant a prescription to one Dr. Brown for the whiskey.   Defendant remarked that he could give the prescription, or could furnish the whiskey, as he kept

it in his office for medical purposes, to administer to his patients. Thereupon Adams got the whiskey, receiving at the same time (from defendant) instructions how to mix it and the medicine, and how to administer the same to his wife.

It is shown by the evidence that Mrs. Adams was not only actually sick, but very sick; also that the whiskey was a stimulant absolutely required to be given with the other medicine. These being the facts, had the defendant the right to sell the whiskey, or was he required (under these circumstances) to send her husband to some other person with a written prescription for the whiskey, as is provided by art. 379 of the Penal Code? We think not; for if there was a case of actual sickness which required the whiskey as a medicine, the defendant, being a regular practicing physician, had the right to sell it without having the prescription of another physician. Art. 379 does not apply to regular practicing physicians, when the whiskey is sold as a medicine in case of actual sickness; but to persons who are not physicians, and therefore are not supposed to be proper judges of the necessity of giving this stimulant as such, or as a solvent of other medicines. .

There is another fact shown by the record in this case, which will compel a reversal of the judgment. This being a prosecution for the violation of art. 378, known as the "Local Option Law," the election and all of the steps taken by the Commissioners' Court in reference thereto must have been in pursuance of the act governing the same. The Revised Statutes, art. 3229, require that the Commissioners' Court, at its first regular session after the petition is filed, shall order an election to be held at the regular voting places within the proposed limits, upon a day *not exceeding* thirty nor less than fifteen days from the date of said order." The order was made on the 10th day of August, and the election was ordered on the 10th

day of September, being one day over thirty. This was fatal to the legality of this election; for, if the election resulted favorably to prohibition, its effects within that territory would be the same as an act of the Legislature; in other words, would be legislative — law-making; and therefore every provision of the act authorizing this character of legislation should and must be strictly construed.

The election, being held at a time unauthorized by law, and in direct conflict with the plain provisions of the same, is utterly void, and cannot be made the basis of a prosecution. For the reasons above indicated, the judgment is reversed and this prosecution dismissed.

*Reversed and dismissed.*